Argued and submitted May 29, conviction affirmed; remanded for resentencing
July 8, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# DONALD DALE DOTTER,
*Appellant.*

## (91020205; CA A71472)

833 P2d 1369

Steven V. Humber, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and Brenda J. Peterson, Assistant Attorney General, Salem.

Before Joseph, Chief Judge, and Rossman and De Muniz, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant was convicted of possession of a controlled substance. ORS 475.992. Under the sentencing guidelines, his placement on the grid is 1-I, with a presumptive probationary term of 18 months and 90 custody units. The court did not impose a departure sentence.[1] It sentenced defendant to 24 months probation with 120 custody units "reserved."

The state concedes that the court erred in imposing the custody units but contends that, because they were "reserved," defendant has not demonstrated how he is prejudiced by the error. The prejudice is self-evident, because, according to the judgment, defendant could be required to serve 30 more custody units than are authorized by law.

Defendant also argues that the court erred in imposing a probationary period beyond the presumptive 18-month term. The state argues that the error is not reviewable, because defendant did not object and it is not an error apparent on the face of the record. The state contends that the probationary term appears to be authorized by OAR 253-05-008(2)(a):

> "Subject to subsection (b) of this section, the sentencing judge may extend the length of probation by increments of up to one year upon finding a violation or violations of the conditions of probation or when necessary to ensure that the conditions of probation are completely satisfied."

The state acknowledges that the guidelines commentary shows that the rule is intended to apply when the court has determined a need to extend probation. *Oregon Sentencing Guidelines Implementation Manual* 95 (1989). However, the state argues that the commentary is not authoritative and that nothing in it clearly says that a court cannot decide to "extend" probation at the time of the original sentencing hearing.

We conclude that OAR 253-05-008(2)(a) is limited to extensions of probation *after* the original sentencing. The language "to ensure that the conditions of probation are

---

[1] The judgment form has a space to be marked if the court has found substantial and compelling reasons for a departure sentence. The space is blank.

completely satisfied" implies that existing conditions have been partly met. That is consistent with other provisions of the guidelines that provide for "departures," not "extensions," when the presumptive sentence is not imposed.

■     We recognize that a specific condition of probation might require a longer time to complete than is provided for by a presumptive sentence.[2] However, the rules do not preclude a departure from a presumptive probationary term. OAR 253-03-001(5) defines "departure" as "a sentence, * * * which is inconsistent with the presumptive sentence for an offender."[3] The presumptive sentence is the sentence provided by an offender's placement in the grid. OAR 253-03-001(16). If the placement is below the dispositional line, the presumptive sentence is a term of probation, which may include custody units and conditions of supervision. OAR 253-05-007(1).[4] OAR 253-08-001 allows a departure from the presumptive sentence for substantial and compelling reasons, and the application of the rule is not restricted to presumptive *prison* terms. The judgment here does not impose a departure sentence and, on its face, the sentence exceeds the presumptive probationary sentence authorized by law.

Conviction affirmed; remanded for resentencing.

---

[2] The state notes that it will take defendant 24 months to pay the money judgment at the monthly rate that the judgment requires.

[3] *But see Supplement, Oregon Sentencing Guidelines Implementation Manual* 13 (1992).

[4] The imposition of custody units is discretionary. If the court imposes more than is provided in the presumptive probationary sentence, the probationary sentence is a departure. OAR 253-05-016.