Argued and submitted August 28, affirmed September 30, 1992

# STATE OF OREGON,
*Respondent,*

*v.*

# TERRY ALAN MAKI,
*Appellant.*

(90-02-30946 & C91-01-30443;
CA A69766 (Control), A70204)
(Cases Consolidated)

838 P2d 636

Sally L. Avera, Public Defender, Salem, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Defendant challenges the sentence imposed for his conviction of unauthorized use of a motor vehicle. ORS 164.135. He came within grid block 3-E, with a presumptive probation term of 24 months. The court entered a probation sentence of 60 months, finding substantial and compelling reasons for a departure or, alternatively, under the authority of OAR 253-05-008.[1] At sentencing, defendant did not argue that OAR 253-05-008 does not apply or that the reasons did not support the departure from the presumptive probationary term. However, on appeal, he argues that the court's failure to impose a sentence within the presumptive limits is error on the face of the record.

OAR 253-05-008(2)(a) does not authorize a sentence of extended probation when the initial sentence is imposed. *State v. Dotter*, 114 Or App 1, 833 P2d 1369 (1992). In *Dotter*, we also said:

"We recognize that a specific condition of probation might require a longer time to complete than is provided for by a presumptive sentence. However, the rules do not preclude a departure from a presumptive probationary term. OAR 253-03-001(5) defines 'departure' as 'a sentence, * * * which is inconsistent with the presumptive sentence for an offender.' The presumptive sentence is the sentence provided by an offender's placement in the grid. OAR 253-03-001(16). If the placement is below the dispositional line, the presumptive sentence is a term of probation, which may include custody units and conditions of supervision. OAR 253-05-007(1). OAR 253-08-001 allows a departure from the presumptive sentence for substantial and compelling reasons, and the application of the rule is not restricted

---

[1] OAR 253-05-008 provides, in part:

"(1) The presumptive duration of probation shall be determined by the crime seriousness category of the most serious current crime of conviction:

"* * * * *

"(b) two years for Crime Categories 3-5;

"* * * * *

"(2)(a) Subject to subsection (b) of this section, the sentencing judge may extend the length of probation by increments of up to one year upon finding a violation or violations of the conditions of probation or when necessary to ensure that the conditions of probation are completely satisfied.

"(b) A probationary term shall not exceed five years."

to presumptive *prison* terms. The judgment here does not impose a departure sentence and, on its face, the sentence exceeds the presumptive probationary sentence authorized by law." 114 Or App at 4. (Footnotes omitted; emphasis in original.)

The probation sentence imposed here is within the term authorized by OAR 253-05-008(2)(b). Defendant did not assert at sentencing that the reasons the court relied on in imposing the departure were not "substantial and compelling." He is precluded from making that argument now, because he has failed to preserve any claim of error. *State v. Hubbard*, 111 Or App 402, 826 P2d 642, *rev den* 313 Or 627 (1992).

Affirmed.